UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

ANGELICA MOORE,

        Plaintiff,

v.

SCHROTH SAFETY PRODUCTS LLC,

        Defendant.

## COMPLAINT

Plaintiff ANGELICA MOORE (the "Plaintiff") sues defendant SCHROTH SAFETY PRODUCTS LLC (the "Defendant") and alleges:

### JURISDICTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

### VENUE

3. The Defendant is a foreign limited liability company duly authorized under the laws of the State of Florida and conducting business in Broward County, Florida.

4. The Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the FMLA.

---

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800      Telephone: 305.503.5131
Aventura, Florida 33180      Facsimile: 888.270.5549

5. The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. At all times material, the Plaintiff was employed by the Defendant as an operator from approximately January 14, 2001, until her wrongful termination on or about March 7, 2022.

7. For over 20 years, Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

8. Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendant.

9. On or about early January 2022, Plaintiff supervisor "Thomas (ULN)" went to work looking sick and vividly exhibiting Covid 19-like symptoms. Covid 19 is a serious medical condition.

10. Immediately thereafter, on or about January 3, 2022, Plaintiff began to feel Covid-like symptoms. She was experiencing severe body ache, short breath, and high fever.

11. Plaintiff went to see her doctor on or about January 5, 2022.

12. When Plaintiff's doctor saw her, he instantly suggested that Plaintiff had Covid and that she needed to get tested to be sure. Plaintiff's doctor instructed her to stay home and to not go to work until Monday, January 10, 2022.

13. Plaintiff tested positive for Covid and informed the Defendant about the results of her Covid test. In addition, Plaintiff complained that it was very irresponsible for Thomas (ULN) to exhibit Covid-19 like symptoms and go to work.

14. Plaintiff was convinced that she contracted Covid at work from supervisor Thomas (ULN) because she was in close proximity with him when he exhibited symptoms and because Plaintiff's co-workers also got Covid as a result of being in close proximity to Thomas (ULN).

15. Plaintiff requested to take time off from work until she recovered, and her doctor allowed her to go back to work. Plaintiff was experiencing severe Covid-type symptoms such as high fever, severe body ache, and acute shortness of breath, all of which constitute severe medical conditions. Defendant approved Plaintiff's request for temporary leave.

16. Later, when Plaintiff finally tested negative for Covid, she went back to work, but she still experienced Covid-type symptoms. Specifically, Plaintiff felt extremely tired, with lack of energy, and abnormally drowsy and sleepy.

17. Worried about the lasting effects of Covid, Plaintiff again contacted her doctor and in response, Plaintiff's doctor concluded that Plaintiff's medical condition had not improved even though now she had tested negative for Covid. Plaintiff's doctor suggested that Plaintiff could not work overtime.

18. Plaintiff's doctor wrote a note for Plaintiff stating Plaintiff's limitations due to her severe medical condition. Plaintiff gave defendant the Doctor's note.

19. Adriana (ULN), Plaintiff's supervisor and the Human Resources Director at the Defendant, told Plaintiff that she needed to continue to work overtime (more than 40 hours per week) because Defendant could not afford to give Plaintiff an "exception."

20. When Thomas (ULN) learned about the doctor's note, he specifically stated "we work from 7 a.m. to 4.30 p.m., Mondays through Saturdays, no exceptions!"

21. Plaintiff communicated the defendant's response to her doctor, who advised Plaintiff that she needed to request a FMLA approved form from Defendant to properly address her severe medical condition and treatment.

22. Plaintiff followed her doctor's instructions and immediately requested FMLA forms from Defendant. However, Defendant denied Plaintiff's request "that is a legal document and as such, we cannot provide it to you."

23. Because Defendant denied Plaintiff the requested FMLA paperwork, she downloaded a copy of it from the Internet and gave it to her doctor to fill out.

24. Once the FMLA request was filled out by Plaintiff's doctor, she forwarded the document to Thomas (ULN).

25. Later, Defendant called Plaintiff and in a meeting with Adriana (ULN) and "Albert" (presumably Albert Quadreny, a principal officer), and Defendant terminated Plaintiff's employment.

26. All conditions precedent to bringing this action have occurred, been performed or been excused.

27. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: INTERFERENCE (FAILURE TO PROVIDE INFORMATION) – FMLA**

28. The Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

30. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

31. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

32. The Plaintiff was entitled to the FMLA leave because she had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the essential functions of her job.

33. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

34. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

35. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

36. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

37. The Defendant was aware of the Plaintiff's qualifying reason.

38. At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition.

39. Despite its knowledge of the Plaintiff's medical condition, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

40. Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff for no cause.

41. When the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his/her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT II: INTERFERENCE (TERMINATION) – FMLA

42. The Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

43. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

44. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

45. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

46. The Plaintiff was entitled to the FMLA leave because she had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the essential functions of her job.

47. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

48. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

49. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

50. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

51. The Defendant was aware of the Plaintiff's qualifying reason.

52. At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition.

53. Despite its knowledge of the Plaintiff's medical condition, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

54. Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff for no cause.

55. When the Defendant terminated the Plaintiff's employment, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: RETALIATION (FMLA)

56. The Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

57. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

58. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

59. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

60. The Plaintiff was entitled to the FMLA leave because he/she had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her job.

61. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

62. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

63. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

64. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

65. The Defendant was aware of the Plaintiff's qualifying reason.

66. At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition.

67. Despite its knowledge of the Plaintiff's medical condition, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

68. Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff for no cause.

69. The Defendant terminated the Plaintiff following her request for FMLA leave.

70. The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for requesting FMLA leave.

71. The Plaintiff's request for FMLA leave pursuant to the FMLA was a direct and proximate cause of her termination from her employment with the Defendant.

72. The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, her employment, because of such complaint.

73. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against her by terminating her employment for having taken FMLA medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his/her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT IV: RETALIATION (TERMINATION) – Fla. Stat. § 440.205**

74. The Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

75. At all times relevant, the Plaintiff was employed by the Defendant.

76. On or about January 3, 2022, an employee of Defendant spread Covid-19 at the Plaintiff's job site. This caused Plaintiff to get Covid and to become injured at work while she was working for Defendant.

77. The injury alleged above required medical treatment.

78. After the work-related injury as described above, the Plaintiff reported her injuries to the Defendant and requested time off and medical treatment.

79. Shortly thereafter, on or about March 8, 2022, Defendant terminated Plaintiff's employment.

80. The Plaintiff's work prior to her discharge was satisfactory or more than satisfactory. Plaintiff worked for Defendant for over 20 years.

81. Fla. Stat. § 440.205 states: "No employer shall **discharge**, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

82. The Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of the Plaintiff's employment was that the Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as the Plaintiff was entitled to do.

83. A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, the Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

84. The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

85. By reason of Defendant's wrongful discharge of the Plaintiff, the Plaintiff has been damaged in that the Plaintiff has suffered lost wages and was and is enduring severe emotional distress.

86. The Defendant's conduct in wrongfully discharging the Plaintiff was willful, wanton, and in reckless disregard of the Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

### JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: May 27, 2022.

Respectfully submitted,

By: s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*